IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01444-GPG-NRN

KATHARINE KANE,
CHARLES KANE,
JAMIE WILLIAMS,
ALICIA WILLIAMS, and
DOUGLAS CLAYTON, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

UNISON AGREEMENT CORP., *et al.*

Defendants.

---

PLAINTIFFS’ MOTION TO LIFT STAY PENDING RESOLUTION OF DEFENDANTS’ MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407, SET DEADLINES TO RESPOND TO PLAINTIFFS’ AMENDED COMPLAINT, AND SET SCHEDULING CONFERENCE

---

# TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 3

LEGAL STANDARD ........ 6

ARGUMENT ........ 7

I. The Balance of Factors Favors Lifting the Stay in This Case ........ 7

A. A Continued Stay Prejudices Plaintiffs ........ 8

B. Unison Cannot Demonstrate that Hardship or Inequity Would Result from Lifting the Stay ........ 10

C. Lifting the Stay Would Not Strain Judicial Resources and is Likely to Aid Judicial Efficiency ........ 11

CONCLUSION ........ 13

## TABLE OF AUTHORITIES

### CASES

*Barrington v. United Airlines, Inc.*,
565 F. Supp. 3d 1213 (D. Colo. 2021) .......... 6

*Bertram v. Fed. Express Corp.*,
2006 WL 3388473 (W.D. Ky. Nov. 20, 2006) .......... 9

*Bigio v. Coca-Cola Co.*,
239 F.3d 440 (2d Cir. 2001) .......... 12

*Crocs, Inc. v. Cheng's Enters., Inc.*,
2016 WL 1597467 (D. Colo. Apr. 21, 2016) .......... 6

*Franklin v. Merck & Co.*,
2007 WL 188264 (D. Colo. Jan. 24, 2007) .......... 7

*Gibbs v. Plain Green, LLC*,
331 F. Supp. 3d 518 (E.D. Va. 2018) .......... 9, 10, 11

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 6, 10

*Quinn v. JPMorgan Chase Bank, N.A.*,
2020 WL 3472448 (S.D.N.Y. June 24, 2020) .......... 8, 10, 11, 12

*Sehler v. Prospect Mortg., LLC,*
2013 WL 5184216 (E.D. Va. Sept. 16, 2013) .......... 9, 10

*Webb v. Brandon Express Inc.*,
2009 WL 4061827 (D. Colo. Nov. 20, 2009) .......... 10

*Weisman v. Se. Hotel Props. Ltd. P'ship*,
1992 WL 131080 (S.D.N.Y. June 1, 1992) .......... 6

*Williford v. Armstrong World Indus., Inc.*,
715 F.2d 124 (4th Cir. 1983) .......... 11

*Worldclear Ltd. v. Akirix, LLC*,
2024 WL 4291317 (D. Utah Sept. 25, 2024) .......... 6

*Zornes v. Smitty's Supply, Inc.*,
2020 WL 1285386 (D. Kan. 2020) .......... 6, 8, 12

**RULES**

D.C.COLO.LCivR 7.1(a) .......... 1

JPML Rule 2.1(d) .......... 6

**OTHER AUTHORITIES**

*Manual for Complex Litigation, Second* § 31.121 (1986) .......... 6

Plaintiffs Katharine Kane, Charles Kane, Jamie Williams, Alicia Williams, and Douglas Clayton ("Plaintiffs") by and through their undersigned counsel, respectfully move this Court to lift the stay entered on August 20, 2026, set a 14-day deadline for Defendants Unison Agreement Corp., Unison Investment Management, LLC and Real Estate Equity Exchange, Inc. ("Defendants") to respond to Plaintiffs' Amended Complaint upon the lift of the stay, and set this matter for a Rule 16(b) Scheduling Conference.

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred via video conference with counsel for Defendants on October 1, 2026. Defendants oppose this Motion.

## INTRODUCTION

This case alleges that hundreds of Colorado homeowners are currently entrapped in Unison[1] HomeBuyer or Homeowner Agreements ("Agreements") that threaten to strip them of their hard-earned home equity and impose numerous restrictions on the use of their homes and financing options in the process. Homeowners are lured into these Agreements based on Unison's representations that it is their "partner" and that the Agreements are "loan alternatives" that carry "no interest" and create "no debt." The truth has turned out to be staggeringly different. The Agreement itself contains lopsided terms that favor Unison over the homeowner, and at the conclusion of the term, homeowners may be required to pay back multiples of what

[1] Unison refers to Defendants Unison Agreement Corp., Unison Investment Management, LLC, and Real Estate Equity Exchange, Inc.

they were advanced, at times with effective simple interest rates that could reach up to 30%. Unison's practices in Colorado are ongoing, with several Agreements being entered into this year.

At this time, this case is currently stayed pending the resolution of Unison's Motion for Transfer ("MDL Motion").[2] Unison's request to stay this case was premised on the expectation that the Judicial Panel on Multidistrict Litigation ("JPML") would hear the MDL Motion at its September 24, 2026 hearing and rule by mid-October 2026. Those dates have now come and gone, and the JPML has yet to hear, let alone calendar the MDL Motion for a hearing. Given this change in circumstances, the stay is no longer warranted. The hundreds of Colorado residents subject to Unison Agreements are prejudiced by an indefinite and ongoing stay. Their homes are encumbered by deeds of trust, and they face significant and potentially financially ruinous payment obligations to Unison when their Agreements terminate. Meanwhile, Unison faces no hardship or inequity by being required to respond to the Amended Complaint, particularly when there is a significant chance that the MDL Motion will be denied. Moreover, the risk of straining judicial resources is low. In fact, initial motion practice in this case may very well enhance judicial efficiency by bringing to light the primary issues in this litigation, which will either allow for prompt movement forward if the JPML denies the MDL Motion, or will educate the MDL judge on the specific Colorado issues at play here. Accordingly, Plaintiffs respectfully request that this court lift the stay, set a deadline

[2] Defs.' Mot. for Transfer to E.D.N.Y. Pursuant to 28 U.S.C. § 1407, *In re Unison "HomeOwner Agreement" Equity Option Cont., Mktg. & Sales Pracs. Litig.*, No. 3201 (J.P.M.L. Filed Aug. 13, 2026).

for Unison to respond to the Amended Complaint, and set this matter for a Rule 16(b) Scheduling Conference.

## BACKGROUND

Plaintiffs filed this putative class action on April 6, 2026. The Amended Complaint was filed on June 8, 2026. Am. Complaint, Dkt. 22. The case alleges that Unison's Agreements are deceptive, predatory, and unconscionable consumer credit products that violate Colorado's Uniform Consumer Credit Code, the Colorado Consumer Protection Act, Colorado's residential mortgage lending laws, and/or Colorado's reverse mortgage laws. Based on review of public records, there are over 400 Unison Agreements recorded in Colorado's nine largest counties, and likely many more throughout the state, encumbering the homes of Colorado residents and subjecting them to potentially exorbitant payment obligations. Am. Complaint, ¶¶ 152, 173, 200, 209.

On August 12, 2026, Unison filed an Unopposed Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation ("Motion to Stay"). Dkt. 26. In that Motion, Unison noted that it would be filing the MDL Motion imminently. Unison contended that the requested stay was "limited in both scope and duration." Dkt. 26, ¶ 9. This representation was based on Unison's expectation that the JPML would hear the MDL Motion at its September 24, 2026 hearing date and rule "no later than mid-October 2026." Dkt. 26, ¶¶ 4,9. Plaintiffs reserved the right to oppose the stay if the MDL Motion was not heard on September 24, 2026. Dkt. 26, ¶ 11. On August 20, 2026, the Court stayed all proceedings in this action pending the JPML decision. Dkt. 30.

Absent the stay, Unison would have been required to respond to the Amended Complaint on August 21, 2026, with briefing complete by November 9, 2026. Dkt. 25. Before the stay, a Rule 16(b) Scheduling Conference was scheduled for September 8, 2026. Dkt. 25 and Minute Order Entered Sept. 8, 2026.

On August 13, 2026, Unison filed the MDL Motion. Dkt. 28. The MDL Motion seeks consolidation in the Eastern District of New York of this case and three other pending class cases: (1) *Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587-ENV-TAM, pending in the United States District Court for Eastern District of New York (2), *Santaniello v. Unison Agreement Corp.*, No. 2:26-cv-07117-EP-JSA, pending in the United States District Court for District of New Jersey and (3) *Cuvellier v. Unison Agreement Corp.*, No. 3:26-cv-30126-MGM, pending in the United States District Court for the District of Massachusetts, as well as one individual case: *Evans v. Unison Agreement Corp.*, No. 1:26-cv-00999-RC, pending in the United States District Court for the District of Columbia.[3] None of the other cases subject to the MDL Motion assert Colorado state law claims, and the outcome of the respective state laws asserted in the other cases will have no binding impact on the putative class in this case.

[3] After filing the MDL Motion, Unison tagged class actions in Missouri and North Carolina and an individual action in Maryland to the MDL proceedings. *See* JPML Dkts. 7 (the United States District Court for the District of Maryland, *Francischetti v. Unison Agreement Corp.*, No. 1:26-cv-03341-JRR), 17 (the United States District Court for the Western District of Missouri, *GreatHouse v. Unison Agreement Corp.*, No. 4:26-cv-00771-RK), 24 (the United States District Court for the Western District of North Carolina, *Petty v. Unison Agreement Corp.*, No. 3:26-cv-00749).

Plaintiffs filed a Joint Opposition to Unison's MDL Motion on September 8, 2026,[4] arguing that consolidation would raise significant subject matter jurisdiction issues under the local action doctrine. Ex. 1, Opposition to MDL at 9-12. Plaintiffs also represented that plaintiffs' counsel from the various Unison cases are willing to coordinate to avoid duplicative discovery and litigation activity, and therefore consolidation is not necessary. *Id.* at 7-9. Finally, Plaintiffs argued that because the cases involve distinct state laws and classes, there is no meaningful risk of inconsistent judgments, and to the extent there are overlapping factual issues in the underlying cases, those facts are neither seriously in dispute nor significantly complex enough to warrant consolidation. *Id.* at 12-13,17-18. The other so-called common "factual" issues identified by Unison were either not common or legal, rather than factual, in nature, therefore consolidation is not warranted. *Id.* at 13-18.

The JPML did not hear Unison's MDL Motion on September 24, 2026. The JPML has not yet even calendared the MDL Motion for its next hearing date scheduled for December 3, 2026.[5] Nor has the JPML made any pronouncements about the time it will take to rule on the MDL Motion. Because the current stay is now one of indefinite duration, Plaintiffs respectfully request that this Court issue an order lifting the stay, setting a 14-day deadline for Defendants to respond to the Amended Complaint upon the lift of the stay, and setting this matter for a Rule 16(b) Scheduling Conference.

---

[4] Pls.' Joint Opp'n to Defs.' Mot. for Transfer, *In re Unison "HomeOwner Agreement" Equity Option Cont., Mktg. & Sales Pracs. Litig.*, No. 3201 (J.P.M.L. Filed Sept. 8, 2026), JPML Dkt. 19 ("Opposition to MDL"), attached hereto as **Exhibit 1**.

[5] On October 1, 2026, the JPML Clerk's Office indicated that there was a pending December 3, 2026 hearing date for the MDL Motion, but at this time, there has been no official notice of hearing for that date. J.P.M.L. Hearing Information, https://www.jpml.uscourts.gov/hearing-information.

## LEGAL STANDARD

"When circumstances have changed such that the court's reasons for imposing [a] stay no longer exist or are inappropriate, the court may lift the stay." *Crocs, Inc. v. Cheng's Enters., Inc.*, No. 06-cv-00605-PAB-KMT, 2016 WL 1597467, at *2 (D. Colo. Apr. 21, 2016). Indeed "stays of the normal proceedings of a court matter should be the exception rather than the rule," and courts in this District generally disfavor stays. *Barrington v. United Airlines, Inc.*, 565 F. Supp. 3d 1213, 1216 (D. Colo. 2021) (internal quotations omitted). When determining whether to lift a stay, courts apply the same standard used to impose the stay in the first instance. *Worldclear Ltd. v. Akirix, LLC*, No. 1:17-CV-00155, 2024 WL 4291317 at *2 n.24 (D. Utah Sept. 25, 2024). A court abuses its discretion in ordering "a stay of indefinite duration in the absence of a pressing need." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

JPML Rule 2.1(d) provides that the "pendency of a motion … before the Panel pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders and pretrial proceedings in any pending federal district court action* and does not limit the pretrial jurisdiction of that court." (emphasis added). Accordingly, a stay pending the resolution of a matter before the JPML is by no means automatic. *Zornes v. Smitty's Supply, Inc.*, No. 19-cv-2257, 2020 WL 1285386 at *1 (D. Kan. 2020). And, because the district court can resolve preliminary matters while the Panel deliberates, such stays are "rarely ... advisable." *Weisman v. Se. Hotel Props. Ltd. P'ship*, No. 91 CIV. 6232 (MBM), 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992) (quoting *Manual for Complex Litigation, Second* § 31.121 (1986)). When considering whether to stay proceedings pending a decision

from the JPML, courts in this district weigh three factors: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Franklin v. Merck & Co.*, No. 06-cv-02164-WYD-BNB, 2007 WL 188264 at *2 (D. Colo. Jan. 24, 2007).

## ARGUMENT

### I. The Balance of Factors Favors Lifting the Stay in This Case

The circumstances justifying the stay in this action have changed, therefore the stay should be lifted to allow proceedings in this court to continue. The previous justification for the stay was the expectation that the JPML would hear the MDL Motion on September 24, 2026, and issue a ruling by mid-October 2026. That timeline is no longer a possibility, and there is no certainty as to when the JPML will hear, let alone decide, the MDL Motion. Under these circumstances, an ongoing stay would cause Plaintiffs and the putative class significant prejudice. Their case would be left to languish for an indeterminate amount of time, while their homes remain encumbered by the significant restrictions and obligations imposed by the Unison Agreements. Unison, on the other hand, faces no significant hardship or inequity from being required to respond to the Amended Complaint. And, because it is far from certain that an MDL will be created at all, any judicial economy risks are quite low, particularly given the relatively small number of cases subject to the MDL Motion. Indeed, requiring Unison to respond now would likely result in judicial efficiency by either allowing this case to move forward

promptly if the JPML denies consolidation, or if consolidated, framing key issues for consideration in the transferee court.

**A. A Continued Stay Prejudices Plaintiffs**

A continued stay imposes a significant prejudice on Plaintiffs and the putative class because it unduly delays litigation while Plaintiffs continue to face real and significant restrictions on their homes. The underlying premise for the current stay never materialized. The JPML did not hear this case on September 24, 2026. And, unless the JPML dispenses with oral argument in this case, a ruling by mid-October is now impossible. What was once an anticipated stay of approximately two months has now morphed into a stay of indefinite duration.

Although the next JPML hearing date is scheduled for December 3, 2026, it is not yet certain this case will be heard at that time. *Zornes*, 2020 WL 1285386, at *2 (denying motion to stay when JPML's next meeting was two months away and there was "no assurance the panel will consider the motion at that [hearing]."); *Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-CV-4100 (JSR), 2020 WL 3472448, at *1 (S.D.N.Y. June 24, 2020) (denying stay where JPML "has not yet even calendared the petition for argument . . . [s]o granting a stay means putting these cases on total hold for weeks or months"). Even if this case is considered at the December 3, 2026 hearing, a ruling could take weeks or months, resulting in this case being completely stalled since August 20, 2026, with no litigation activity since the Amended Complaint was filed on June 8, 2026. Such significant delays prejudice Plaintiffs and the putative class. *See, e.g.*, *Sehler v. Prospect Mortg., LLC,* No. 1:13cv473(JCC/TRJ), 2013 WL 5184216, at *3

(E.D. Va. Sept. 16, 2013) (anticipated delay of four to six months while a JMPL transfer motion was pending was "significant" and therefore prejudicial); *see also Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018) (denying stay when JPML had not yet ruled, there was no current MDL, and no conditional transfer order in place).

The prejudice from this delay is real and concrete for the hundreds of Colorado residents whose homes are entangled in a Unison contract. As alleged in the Amended Complaint, these residents' homes are encumbered by deeds of trust, and their ability to refinance or access additional equity financing is severely burdened. Amended Complaint ¶¶ 152-156.They also face restrictions on their ability to rent out their homes should they need to move or secure additional income. Amended Complaint ¶¶ 63, 152. For those who may need to sell imminently, they face substantial payouts to Unison, which could significantly impact their financial future and stability. Amended Complaint ¶¶ 66, 200, 209. *See Gibbs*, 331 F. Supp. 3d at 529 (stay pending JPML ruling denied in light of plaintiffs' plausible allegations that because defendants violated state lending laws any payments by plaintiffs would cause sufficient prejudice).

Moreover, the Kanes and the Williams' do not have to contend with arbitration, nor do a significant number of putative class members, because their Agreements do not contain an arbitration provision. Because this set of claims can undoubtedly proceed in court, there is no reason to indefinitely delay litigation while awaiting a JPML decision. *See Bertram v. Fed. Express Corp.*, No. 05-28-C, 2006 WL 3388473, at *3 (W.D. Ky. Nov. 20, 2006) (plaintiffs should not be forced to wait an "indeterminate length" when

there is no indication the Panel will issue a decision soon). Accordingly, the prejudice to Plaintiffs' weighs in favor of lifting the stay.

### B. Unison Cannot Demonstrate that Hardship or Inequity Would Result from Lifting the Stay

In order to justify a continued stay, Unison must "make out a clear case of hardship or inequity" if required to go forward. *Landis*, 299 U.S. at 255. Unison cannot do so here, given that lifting the stay is likely to require, at most, that Unison respond to the Amended Complaint filed nearly four months ago. While Unison may find this inconvenient, particularly if an MDL is eventually formed, "inconvenience does not rise to the level of hardship that might justify a stay." *Gibbs*, 331 F. Supp. 3d at 526–27. Indeed, courts have declined to stay litigation pending a JPML ruling when more significant litigation activity was afoot in the underlying actions. *See, e.g.*, *Sehler*, 2013 WL 5184216, at *3 (denying stay pending JPML decision and finding that defendants taking part in "over twenty Rule 26(f) conferences and [having] been served with 'ten nearly identical sets of discovery'" did not rise to level of hardship required to justify stay).

Indeed, "no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect." *Quinn*, 2020 WL 3472448, at *2; s*ee e.g., Webb v. Brandon Express Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). To the contrary, such activity may actually "save[] the parties time and expense" because it

brings to light the primary issues likely to arise throughout the litigation. *Quinn*, 2020 WL 3472448 at *2. To the extent Unison argues that it may be required to re-brief any arguments raised in initial motions here if this case is consolidated, even the "near-certainty of re-litigating complex matters does not alone justify a stay." *Gibbs*, 331 F. Supp. 3d at 527 (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124 (4th Cir. 1983)). Nor is there any risk of inconsistent judgment on Plaintiffs' underlying claims if this case proceeds pending the JPML's decision because this is the only case that raises Colorado state law claims. Accordingly, Unison faces no hardship or inequity from proceeding, and the current stay should be lifted.

### C. Lifting the Stay Would Not Strain Judicial Resources and is Likely to Aid Judicial Efficiency

Lifting the stay in this case would not strain judicial resources. First, the number of underlying actions subject to the potential MDL is relatively low. There are currently six class actions designated as related cases, and two individual actions. This number "pale[s] in comparison to the typical number of actions consolidated to an MDL." *Gibbs*, 331 F. Supp. 3d at 526 ("The usual concern[] about judicial work duplicated across tens, hundreds, or even thousands of pending actions simply do not pertain to the case at bar."). As a result, there is a very low risk of duplicative work and judicial waste, even if the actions are ultimately consolidated and transferred. This is doubly so when no other case subject to the potential MDL raises Colorado specific claims. Finally, some initial motions practice prior to consolidation may "actually benefit[]" the MDL judge because it will "enable the MDL judge to quickly learn what kinds of discovery and other pre-trial

issues are likely to arise in the now-centralized cases[.]" *Quinn*, 2020 WL 3472448, at *2.

Moreover, although "neither party has a crystal ball and cannot say with certainty whether the JPML will accept or deny transfer" the risk of wasting judicial resources is lower where plaintiffs have presented "reasonable bases" on which to deny transfer. *Zornes*, 2020 WL 1285386 at *2. Here, Plaintiffs have raised significant arguments in opposition to the MDL, some of which call into question the viability of an MDL at all. For example, Plaintiffs argue that the "local action doctrine" may well divest any transferee court of subject matter jurisdiction over Plaintiffs' underlying claims. This is because the local action doctrine provides that federal courts do not have subject matter jurisdiction to hear cases involving real property located in different states. *See Bigio v. Coca-Cola Co.*, 239 F.3d 440, 449-50 (2d Cir. 2001) (courts cannot exercise jurisdiction over actions involving real property outside the bounds of their state); Ex. 1, Opposition to MDL at 9-12. Furthermore, Plaintiffs filed a joint opposition to the MDL alongside counsel for the New York, New Jersey, and Massachusetts class actions. The joint opposition notes counsel's willingness to informally coordinate discovery and proceedings across actions, supported by sworn declarations from counsel. *Id.* at 7-9. Given that centralization is a measure of last resort, transfer is frequently denied when counsel has indicated a willingness to informally coordinate, as is the case here. *Id.* at 9. When Plaintiffs' arguments opposing the MDL are considered in tandem with the fact that the Panel has denied transfer in nearly 40% of cases since 2020,[6] the risk to

[6] *See Calendar Year Statistics: January Through December 2025*, J.P.M.L., 11 (2025),

judicial resources is likely very low. To the contrary, the potential judicial efficiencies to be gained if this case proceeds weigh in favor of lifting the stay, setting a 14-day deadline for Defendants to respond to the Amended Complaint upon the lift of the stay, and setting this matter for a Rule 16(b) Scheduling Conference.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court lift the stay currently in effect in this action, set a 14-day deadline for Defendants to respond to the Amended Complaint upon the lift of the stay, and set this matter for a Rule 16(b) Scheduling Conference.

Respectfully Submitted,

Dated: October 1, 2026

SINGLETON SCHREIBER, LLP

*/s/ Elizabeth Aniskevich*
Elizabeth Aniskevich (DC Bar No. 994603)
Jennifer Yadoo (DC Bar No. 1780435)
SINGLETON SCHREIBER, LLP
650 Massachusetts Ave. NW, Suite 600
Washington, DC 20001
Telephone: (619) 771-3473
eaniskevich@singletonschreiber.com
jyadoo@singletonschreiber.com

*Attorneys for Plaintiffs and Proposed Class*

https://www.jpml.uscourts.gov/sites/jpml/files/JPML_Calendar_Year_Statistics-CY-2025%201-16-26-Final_0.pdf.